UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| House of Bryant Publications, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. _____ |
| | ) COMPLAINT |
| A&E Television Networks, | ) |
| | ) JURY DEMAND |
| Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT**

House of Bryant Publications, L.L.C., by its attorneys, for its Complaint against A&E Television Networks, alleges as follows:

**I.      THE PARTIES**

1.      Plaintiff House of Bryant Publications, L.L.C. (hereinafter "House of Bryant" or "plaintiff") is a Tennessee Limited Liability Company located and doing business at 315 Historic Nature Trail, Gatlinburg, TN 37738 and 1709 19th Ave. S, Nashville, TN 37212.

2.      Upon information and belief, defendant A&E Television Networks (hereinafter "A&E" or "defendant") is a joint venture of the Hearst Corporation, Disney-ABC Television Group and NBC Universal, located and doing business at 235 E. 45th St., New York, NY 10017.

**II.     JURISDICTION AND VENUE**

3.      The jurisdiction of this Court is based upon 28 U.S.C. §§1331 and 1338(a) in that the controversy arises under the Copyright Act (17 U.S.C. 101 et seq.), which is within the exclusive jurisdiction of federal courts under 28 U.S.C. §1367.

4.      Personal jurisdiction over the defendant is proper in this jurisdiction on the grounds that the defendant has purposefully availed itself of the jurisdiction of this Court by

transacting business in this District and the State of Tennessee concerning the song and television program at issue in this action. Defendant broadcasts television programs, including the television program at issue in this case, into this District and the State of Tennessee. Defendant has entered into contracts with residents of this State for the production of the television program at issue. On information and belief, a substantial amount of the filming, editing and production of the television program at issue occurred in this state.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a).

### III. NATURE OF THE ACTION

6. This action for damages and permanent injunctive relief is brought by plaintiff pursuant to the Copyright Act 17 U.S.C. §§101 et seq.

7. "Rocky Top" was originally written by Felice and Boudleaux Bryant, a married couple, in 1967. The song has been hugely successful and has been recorded dozens of times since that date by such popular artists as the Osborne Brothers, the Everly Brothers, Lynn Anderson, Dolly Parton and Conway Twitty. "Rocky Top" is an official state song of the state of Tennessee.

8. Dane B. Bryant, Del R. Bryant and the Estate of Felice Bryant (hereinafter "The Bryants") are the owners of 100% of the right, title and interest in and to the musical composition known as "Rocky Top," including the copyright therein, together with the right to register the statutory copyright therein.

9. The Bryants have complied with all of the laws pertinent to this composition as a copyrighted work, and the subject copyright registration protecting the musical composition "Rocky Top" has been appropriately registered with the U.S. Copyright Office having Copyright Numbers EP 239124, RE 696-339 and V1665P364. The Bryants and House of Bryant have an

exclusive administration deal which allows House of Bryant to administer, license and sue on their copyrights, including "Rocky Top," in the name of House of Bryant.

10. House of Bryant actively licenses "Rocky Top" for live performance and synchronization in audio-visual works, including to the University of Tennessee, Knoxville.

11. In 2003 or 2004, defendant, working with production company Jupiter Entertainment, Inc. (hereinafter "Jupiter"), a Tennessee Corporation located and doing businesses at 8923 Linksvue Dr., Knoxville, TN 37922, created a dramatic episode of their popular television show *City Confidential* about a 1994 attempted contract killing in Knoxville, TN entitled "Episode #122-Knoxville, TN: Phantom Hitman" (hereinafter "Phantom Hitman").

12. On information and belief, significant filming, editing and production of "Phantom Hitman" took place in the state of Tennessee and/or this District.

13. One scene in "Phantom Hitman" features a lengthy and recognizable portion of the song "Rocky Top" as played by the University of Tennessee's "Pride of the Southland" Marching Band.

14. The University of Tennessee has obtained a "blanket performance rights license" for "Rocky Top" from BMI which permits the University of Tennessee to publically perform all songs licensed for performance by BMI, of which "Rocky Top" is one among thousands. Such license does not permit the University to "synchronize" "Rocky Top" with video without obtaining an additional license from House of Bryant nor does it permit the University to allow others to "synchronize" "Rocky Top" with video.

15. Neither A&E nor Jupiter received a synchronization license nor any other license for "Rocky Top" from House of Bryant.

16. Neither A&E nor Jupiter received a purported synchronization license nor any other license for "Rocky Top" from the University of Tennessee.

17. On information and belief A&E and/or Jupiter have sought licenses for synchronization of "Rocky Top" from House of Bryant in the past and have been denied due to the nature of the material contained in the planned program. Having been denied in the past for similar requests, Defendants willfully included "Rocky Top" on their program without seeking permission.

18. On information and belief, defendant regularly licenses musical compositions and sound recordings for use in audio-visual works for broadcast on television and so is aware of the need to do so.

19. Defendant first broadcast the episode "Phantom Hitman" on its cable television network on December 11, 2004, and, either itself or through its agents or subsidiaries, has broadcast the episode continually through the present date.

20. On information and belief, "Phantom Hitman" has been broadcast multiple times either by defendant or defendant's agents or subsidiaries within the statute of limitations period, including within the last year.

21. Defendant has unlawfully taken these infringing acts without the permission of plaintiff, and without paying royalties to plaintiff. Accordingly, in this action, plaintiff seeks: (1) recovery of money damages, including statutory damages for willful infringement, resulting from the wrongful acts of defendant and all attorneys' fees and costs associated with the prosecution of this action and (2) an Order impounding the infringing materials for destruction and enjoining defendant from the production, broadcast, marketing and/or sale of "Phantom Hitman."

# COUNT 1
## COPYRIGHT INFRINGEMENT

22. Plaintiff realleges each and every allegation in Paragraphs 1 through 21 hereof as if fully set forth herein.

23. At all relevant times, plaintiff has been the rightful owner and administrator of the copyright in the composition "Rocky Top."

24. Defendant has no license or any other form of permission to copy, duplicate, synchronize, sell or distribute any portion of the song "Rocky Top."

25. Defendant has copied a recognizable, distinct and important section of "Rocky Top" in their program "Phantom Hitman."

26. Defendant's copying, publishing, synchronization and distribution of "Rocky Top" violates plaintiff's exclusive rights as the copyright owner of "Rocky Top" as defined in the Copyright Act.

27. Defendant's unauthorized exploitation of "Rocky Top" in "Phantom Hitman" is in derogation of and injurious to plaintiff's exclusive rights as the owner and/or administrator of the copyright to "Rocky Top," all to plaintiff's substantial damage. By defendant's failure to notify plaintiff of its use of "Rocky Top" and failure to notify plaintiff of broadcasts of "Phantom Hitman," plaintiff has not been credited for performance revenue from BMI.

28. Defendant's use of "Rocky Top" in "Phantom Hitman" does not educate viewers about, comment upon or criticize the musical composition "Rocky Top."

29. Defendant's use is not transformative of "Rocky Top."

30. "Rocky Top" is a creative work.

31. Defendant uses a commercially significant, non-*de minimis* portion of "Rocky Top" in "Phantom Hitman."

32. Defendant's use of "Rocky Top" harms the market for licensed uses of "Rocky Top." House of Bryant has licensed similar usages of songs in its catalog and allowing unlicensed uses similar to those of Defendant would severely impact the value of the catalog.

33. Defendant's conduct, including infringement, has been and continues to be willful and knowing. Defendant was well aware it needed a license to synchronize "Rocky Top," but used it without a license purposefully and willfully. Furthermore, Defendant was placed on notice of the infringement through multiple letters from House of Bryant and counsel for House of Bryant and has taken no steps to remedy the infringement. Defendant acted with utter disregard for the business and financial safety of plaintiff and with reckless disregard for plaintiff's rights, acted with a conscious neglect of duty, callous indifference, and such an entire want of care as would raise a presumption of a conscious indifference to consequences. In the alternative, defendant's conduct, even if not willful and knowing, constitutes infringement of plaintiff's copyright.

34. As a direct and proximate result of defendant's conduct, plaintiff has suffered actual damages including lost profits, lost opportunities, loss of goodwill, lost publicity, attorneys' fees and interest, and, in the alternative, is entitled to statutory damages as allowed by law. Defendant's foregoing conduct constitutes direct, contributory and vicarious copyright infringement of plaintiff's musical composition and plaintiff has incurred damages thereby.

35. Plaintiff requests that it be awarded actual and/or statutory damages for each infringement as proven, plus costs, interest, and attorneys' fees in an amount to be determined at the time of trial.

## COUNT 2
## ACTION FOR PERMANENT INJUNCTION

36. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 35 hereof as if fully set forth herein.

37. As described more fully above, the wrongful conduct of the defendant entitles plaintiff to compensatory, statutory and other damages in an amount to be determined.

38. Plaintiff is without adequate remedy at law.

39. "Phantom Hitman" was released illegally and without right or justification and infringes plaintiff's copyright in the musical composition. Accordingly, plaintiff requests that a permanent injunction issue, ordering that the infringing audio-visual work "Phantom Hitman" be prohibited from being further released, reprinted, performed or sold, without the consent of plaintiff, and that the audio-visual work, in whatever form, already released, be immediately retrieved, impounded and returned to plaintiff for destruction, unless otherwise consented to by plaintiff.

## COUNT 3
## ACCOUNTING

40. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 39 as if fully set forth herein.

41. Due to the infringement and wrongful acts of defendant, plaintiff is entitled to an accounting by defendant of amounts relating to plaintiff's copyright whereby plaintiff may determine the revenues and profits rightfully belonging to plaintiff and wrongfully gained by defendant.

## TRIAL BY JURY

42. Plaintiff hereby requests trial by jury on all issues wherein trial by jury is permissible.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant as follows:

(1) That defendant be found liable for direct, contributory and/or vicarious copyright infringement as proven at trial;

(2) That defendant be ordered to submit to an accounting so that all gains, sales, profits and advantages derived by defendant from each of their acts, may be determined;

(3) That for such copyright infringement, and each separate act thereof, defendant be ordered to pay plaintiff:

    (a) Such damages as plaintiff has sustained in consequence of defendant's infringement of said copyrights, and to account for and pay to plaintiff all gains, profits and advantage derived by defendant from their infringement of plaintiff's copyrights, the total amount to be determined at a trial of this action, or such damages as shall appear proper within the provisions of the Copyright statutes; or in the alternative;

    (b) In the event that plaintiff's actual damages, including defendant's profits are less than One Hundred Fifty Thousand Dollars ($150,000.00) for each infringement and defendant is found to have willfully infringed, that plaintiff, in the discretion of the Court, be awarded statutory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) for each infringement pursuant to the provision of 17 U.S.C. §504(c)(2); or in the alternative;

(c) In the event that defendant is not found to have willfully infringed and plaintiff's actual damages, including defendant's profits are less than Thirty Thousand Dollars ($30,000.00) per infringement, that plaintiff, in the discretion of the Court, be awarded statutory damages in the amount of Thirty Thousand Dollars ($30,000.00) for each infringement pursuant to the provision of 17 U.S.C. §504(c)(1);

(4) That pursuant to 17 U.S.C. §502, defendant, its agents and servants be permanently enjoined and restrained from producing, manufacturing, printing, distributing, selling, marketing, promoting, advertising and/or otherwise exploiting "Phantom Hitman," or causing the foregoing activities to take place, and from otherwise infringing plaintiff's copyright interests in "Rocky Top";

(5) That pursuant to 17 U.S.C. §503, and unless otherwise consented to by plaintiff, defendant be required to deliver up on oath to be impounded for destruction all infringing records, copies, recordings and all plates, molds, matrices and other means of any kind for making infringing copies, recordings and other infringing materials in their possession and/or under their control.

(6) That pursuant to 17 U.S.C. §505, defendant pays to plaintiff the costs of this action and reasonable attorneys' fees and costs to be allowed to plaintiff by this Court;

(7) That plaintiff be awarded prejudgment and post-judgment interest;

(8) That plaintiff be awarded trial by jury on all issues triable by jury;

(9)     That plaintiff be awarded all relief to which they are justly entitled.

                                              **HOUSE OF BRYANT PUBLICATIONS, L.L.C.**

DATED: June 3, 2009      By: _____
                                              Richard S. Busch (TN BPR #14594)
                                              KING & BALLOW
                                              315 Union Street, Suite 1100
                                              Nashville, TN 37201
                                              615/259-3456 (tel)
                                              615/248-2860 (fax)
                                              Attorneys for Plaintiff