IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOUSE OF BRYANT PUBLICATIONS, L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>A&E TELEVISION NETWORKS,<br><br>    Defendant. | Civil Action No. 3:09-0502<br>Judge Trauger |

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant A&E Television Networks ("AETN"), pursuant to Rule 201 of the Federal Rules of Evidence and the Court's inherent authority, respectfully requests that the Court take judicial notice of the contents of AETN's television documentary broadcast and the song "Rocky Top," which are the subject of this lawsuit alleging copyright infringement. This request is submitted in connection with AETN's simultaneously-filed motion to dismiss for failure to state a claim.

**INTRODUCTION**

In this lawsuit, Plaintiff alleges that AETN has infringed the copyright in the musical composition "Rocky Top." Specifically, Plaintiff complains about a sequence from the television documentary series *City Confidential* entitled "Knoxville, TN: Phantom Hitman" (hereinafter the "Program"). The Program examined the events surrounding an attempted contract killing by the "Phantom Hitman" in Knoxville, Tennessee in 1994. In this context, the Program includes a general commentary about Knoxville, the University of Tennessee-Knoxville ("UTK") campus and sports culture, and a brief sequence of stadium scenes during a football

1

2998161

game at UTK.  Plaintiff complains about AETN's use during this sequence of the UTK marching band playing twelve seconds of the song "Rocky Top."  Although the Program is referenced throughout the Complaint, and the use of the song "Rocky Top" in the Program forms the factual basis of the Complaint, Plaintiff elected not to exhibit it to the Complaint.  *See* Compl. ¶¶ 11-13, 15-16, 19-21, 25-33, 39.

AETN has simultaneously filed a Motion for Leave to manually file physical materials because they cannot be filed electronically.  AETN proposes to manually file as <u>Exhibit A</u> a DVD copy of the Program.[1]  Although not dispositive to the Motion to Dismiss, for additional context, AETN submits <u>Exhibit B</u> and proposes to submit <u>Exhibit C</u>.  <u>Exhibit B</u> is sheet music for the musical composition "Rocky Top," which is the copyright to which Plaintiff alleges exclusive right to sue on behalf of the copyright owners and which Plaintiff claims was allegedly infringed by the Program.  *See* Compl. ¶ 9.  It is attached hereto.  <u>Exhibit C</u> is a sound recording performed by the Osborne Brothers which embodies the musical composition "Rocky Top."  *See* Compl. ¶ 7.[2]  AETN has sought the Court's approval to file this CD manually.  It is important to note that <u>Exhibits A</u> through <u>C</u> are **not** being provided to the Court to refute any of Plaintiff's factual allegations in the Complaint.  The song and Program are repeatedly referenced in the Complaint and are central to Plaintiff's claim.

---

[1] The Program is approximately forty-seven minutes long, without commercials.  The portion challenged by Plaintiff appears three minutes and forty seconds into the Program.  Although it is appropriate for the Court to view the Program in its entirety for subject matter and context, solely for the convenience of the Court, AETN proposes to submit as Exhibit A-1 the portion of the Program related to the general commentary about Knoxville, which includes the allegedly infringing twelve seconds of the song "Rocky Top" being played by the UTK marching band during a game at Neyland Stadium, and approximately two minutes immediately before and after.

[2] The Osborne Brothers's rendition is one of the performances cited by the Plaintiff in the Complaint (Complaint ¶ 7), and Defendant submits a copy acquired from Amazon.com.  The song also may be heard on the following Tennessee governmental websites:  http://www.tennesseeanytime.org/homework/songs.html, http://www.utk.edu/athletics/tn_songs.shtml, & http://www.utsports.com/fans/traditions.html.

**LEGAL BASIS FOR REQUEST**

The Court may consider materials that are incorporated by reference in, or are integral to, the Complaint, as well as public records and other documents otherwise appropriate for the taking of judicial notice in connection with a motion to dismiss. Such consideration by the Court does not convert the motion into one for summary judgment. Wyser-Pratte Management Co., Inc. v. Telxon Corp., 413 F.3d 553, 560 (6th Cir. 2005) (citing Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360-61 (6th Cir. 2001)) (considering newspaper articles, SEC filings, financial restatements and press releases in a securities fraud case); *see also* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.E.2d 179 (2007) (noting that, in addition to the complaint, courts "ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss . . . documents incorporated into the complaint by reference and matters of which a court may take judicial notice").

### A. The Exhibits submitted are generally known in the Middle District of Tennessee and are publicly available.

In connection with ruling on a motion to dismiss, federal courts are authorized to, and should, take judicial notice of (1) facts generally known within the territorial jurisdiction of the trial court or (2) facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); City of Monroe Employees Ret. Sys. v. Bridgestone Corp., 399 F.3d 651, 655 n.1 (6th Cir. 2005) (quoting New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003), *cert. denied*, 540 U.S. 1183 (2004)) (taking judicial notice of information contained on the NASD website).

AETN asks that the Court take judicial notice of the Program, which is an episode of the television documentary series "City Confidential." It is also appropriate for the Court to take

judicial notice of the sheet music of the musical composition "Rocky Top" and a sound recording embodying the musical composition "Rocky Top" (a commercially available sound recording is submitted with this Motion). These items are subject to accurate determination by resort to indisputably accurate sources because they have each been publicly disseminated and are well-known in this jurisdiction. *See* Compl. ¶¶ 7, 10, 19-20 (alleging that "Rocky Top" and the Program were publicly disseminated). It is an understatement to say that "Rocky Top" is generally known, and indeed well known, within Tennessee. "Rocky Top" has been declared one of the official songs of the State of Tennessee, Tenn. Code Ann. § 4-1-302, and is a fight song of the University of Tennessee-Knoxville (http://www.utk.edu/athletics/tn_songs.shtml).

Even though the Plaintiff for its own reasons chose not to submit the Program or the song with the Complaint, it is entirely appropriate for the Court to consider them at this stage. Courts regularly consider the works which are the subject of a copyright infringement allegation on a Rule 12 motion. *See, e.g.,* Burnett v. Twentieth Century Fox Film Corp., 491 F. Supp. 2d 962, 967 (C.D. Cal. 2007) (considering allegedly infringed television program and allegedly infringing television program in granting defendant's motion to dismiss copyright infringement claim); Payne v. The Courier-Journal, 2005 WL 1287434, at *3 (W.D. Ky. May 31, 2005) (considering text of allegedly infringed book and allegedly infringing article in granting defendant's motion to dismiss copyright infringement claim); Phoenix Hill Enters., Inc. v. Dickerson, 1999 WL 33603127 (W.D. Ky. May 20, 1999) (considering text of allegedly infringed classified advertisements and allegedly infringing pamphlets in granting defendant's motion to dismiss copyright infringement claim); ZZ Top v. Chrystler Corp., 54 F. Supp. 2d 983, 986 n.6 (W.D. Wash. 1999) (taking judicial notice of the well known song "Spirit in the Sky" in copyright infringement case).

Further, it is undisputed that the Program was aired in this jurisdiction and made publicly available—otherwise, there would be no basis for an allegation of copyright infringement or for an allegation of personal jurisdiction. Compl. ¶¶ 4, 19, 20. Accordingly, it is the type of fact appropriate for this Court to judicially notice. *See* Food Lion, Inc. v. Capital Cities/ABC, Inc., 964 F. Supp. 956 (M.D.N.C. 1997), *aff'd in part, rev'd on other grounds*, 194 F.3d 505 (4th Cir. 1999) (taking judicial notice of videotape of *20/20* episode at issue in lawsuit "[b]ecause [the broadcast] was publicly disseminated, it is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)); *see also* City of Monroe Employees Ret. Sys. v. Bridgestone Corp., 399 F.3d at 655 n.1 (taking judicial notice of background information included on NASD website in reviewing a district court's dismissal of a securities fraud case); In re UnumProvident Corp. Sec. Litig., 396 F. Supp. 2d 858, 876 (E.D. Tenn. 2005) (taking judicial notice of press releases publicly available to investors in securities fraud case).

**B.  The Exhibits submitted are referred to, relied upon and central to the Plaintiff's Complaint.**

Additionally, and alternatively, case law requires that Exhibits A through C are admissible in connection with AETN's Motion to Dismiss because they are referred to, and are relied upon and integral to, the Complaint. *See* Compl. ¶¶ 7-17, 19-21, 23-33, 39; *see also* Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997) ((("[A] defendant may introduce certain pertinent documents if the plaintiff fails to do so. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied."); Katt v. Titan Acquisitions, Ltd., 133 F. Supp. 2d 632, 637 (M.D. Tenn. 2000) (admitting documents and affidavits referenced in, but not attached to, the complaint in determining whether to dismiss a securities case); *see also* Clark v. The Walt

5

2998161

Disney Co., __ F. Supp. 2d __ (to be published), 2009 WL 1850191 (S.D. Ohio June 19, 2009) (considering copy of purportedly infringed patent and pictures of allegedly infringing products on motion to dismiss). Many other courts have considered the types of materials exhibited herewith in similar lawsuits. *See, e.g.*, Thomas v. The Walt Disney Co., 2009 WL 2011388 (9th Cir. June 16, 2009) (approving district court's consideration of a film and script, referenced in but not attached to the complaint, in dismissing a copyright infringement case); Daly v. Viacom, Inc., 238 F. Supp. 2d 1118, 1121-22 (N.D. Cal. 2002) (considering the episode of defendants' television program at issue in ruling on a motion to dismiss for failure to state a claim).

## CONCLUSION

**WHEREFORE**, Defendant AETN respectfully requests that this Court consider the Exhibits filed or proposed to be manually submitted in ruling upon AETN's Motion to Dismiss. AETN respectfully submits that these submissions should be considered under Rule 12 of the Federal Rules of Civil Procedure.

> Respectfully submitted,
>
> /s/ Robb S. Harvey
> Robb S. Harvey (Tenn. BPR No. 011519)
> Heather J. Hubbard (Tenn. BPR No. 023699)
> WALLER LANSDEN DORTCH & DAVIS, LLP
> 511 Union Street, Suite 2700
> Nashville, TN 37219
> Phone: (615) 244-6380
> Facsimile: (615) 244-6804
> E-mails: robb.harvey@wallerlaw.com and
> heather.hubbard@wallerlaw.com
> *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing Request for Judicial Notice was served via-hand delivery and was electronically filed with the Court and served via the Court's Electronic Case Filing system on this 11th day of August, 2009, to the following counsel of record:

    Richard S. Busch
    King & Ballow
    315 Union Street, Suite 1100
    Nashville, TN  37201

                                      /s/ Robb S. Harvey
                                      Counsel for Defendants

7
2998161