UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| House of Bryant Publications, L.L.C., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:09-0502 |
| | ) Judge Trauger |
| A&E Television Networks, | ) |
| Defendant. | ) JURY DEMAND |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff, House of Bryant, L.L.C. ("plaintiff" or "House of Bryant") objects to the Request for Judicial Notice of A&E Television Networks ("AETN"). As discussed below, defendant's Request should be denied.

**I.   INTRODUCTION**

Plaintiff has filed a copyright infringement case against defendant stemming from defendant's unauthorized use of plaintiff's composition "Rocky Top" in an episode of defendant's television program *City Confidential* entitled "Knoxville, TN: Phantom Hitman" ("Phantom Hitman").

Plaintiff filed this instant Complaint on June 3, 2009. Defendant has filed a Motion to Dismiss and a Request for Judicial Notice. Doc. Nos. 5 and 7. Plaintiff addresses defendant's Motion to Dismiss in a separate Response filed contemporaneously herewith.

Defendant requests judicial notice for three pieces of evidence: Exhibit A purports to be a DVD of the complete program "Phantom Hitman;" Exhibit A-1 purports to be a clip from

"Phantom Hitman;" Exhibit B is the sheet music to the song "Rocky Top;" and Exhibit C is a sound recording performed by the Osborne Brothers.[1] *See* Doc. No. 5, p. 2.

Plaintiff does not dispute that the Court can consider these materials. However, as explained below, judicial notice of these materials is improper. Thus, defendant's motion to dismiss must be considered as a Motion for Summary Judgment under Fed R. Civ. P. 56, which states that if, on a motion to dismiss,

> matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(d).

Regardless, defendant cannot meet the standard for either a motion to dismiss or for summary judgment even with this evidence, as will be discussed fully in plaintiff's Response.

## II. ARGUMENT

Judicial notice of evidence is governed by Fed. R. Evid. 201. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The evidence defendant seeks to judicially notice does not fit either prong of Rule 201(b). "Phantom Hitman" is neither "generally known within the territorial jurisdiction"[2] nor "capable

---

[1] While the artistic merit is without question, the probative value of this version of "Rocky Top" is not. Defendant's own Motion directs the Court to websites containing recordings of the version of "Rocky Top" played by the Pride of Southland Band, e.g. < http://www.utk.edu/athletics/tn_songs.shtml>. Doc. No. 7, p. 13. It is the Pride's version of "Rocky Top" that is featured in this case, not the Osborne Brothers' version.

[2] Defendants make no substantive argument that the contents of "Phantom Hitman" are "generally known," making only the unsupported statement that they are and contending the program was "publicly disseminated." Doc. No. 5, p.4. While residents of the Middle District of Tennessee may have seen the program "Phantom Hitman" and heard the song "Rocky Top," it is incredible to argue the contents of "Phantom Hitman," the sheet music to "Rocky Top," and a recording by the Osborne Brothers are "generally known" by such residents. The substance of defendant's motion is focused on 201(b)(2).

2

of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."[3] As will be discussed below (1) the contents of "Phantom Hitman" are "subject to reasonable dispute" and (2) the source or sources of the "Phantom Hitman" DVD submitted by defendant are unknown.

A.  **Evidence Submitted by Defendants is Subject to "Reasonable Dispute"**

The contents and significance of "Phantom Hitman" are the very substance of this lawsuit. As the Rule 201(b) makes clear, evidence whose significance is disputed should not be judicially noticed. Legions of Sixth Circuit case law support this conclusion.

In *United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993), the Sixth Circuit refused to take judicial notice of a National Research Committee of the National Academy of Sciences report:

> While defendants' request that we merely take judicial notice of this report pursuant to *Federal Rules of Evidence 201(f)* and *104(a)* has a certain facial appeal, Federal *Rule 201* permits a court to take judicial notice only of facts "not subject to reasonable dispute . . . ." *Fed. R. Evid. 201(b)*. There is no dispute that the [report] exists, but there is considerable dispute over the significance of its contents.

*Bonds*, 12 F.3d at 553 (footnotes omitted); *see also Deal v. Hamilton County Bd. of Educ.*, 392 F.2d 840, 852 (6th Cir. 2004) (upholding the district court's refusal to notice declarations from an unrelated litigation); *U.S. v. Collier*, 68 Fed. Appx. 676, 2003 U.S. App. LEXIS 13629, at *16 (6th Cir. July 2, 2003) (finding no error in district court's refusal to take judicial notice of bankruptcy court judgment beyond acknowledgement that proceeding had occurred), *cert. denied*, 540 U.S. 1126 (2004); *Sigler v. Amer. Honda Motor Co.*, 532 F.3d 469, 476 (explaining the difference between permissibly noticing the fact that the Veterans Administration keeps records of retired military personnel and impermissibly noticing the contents thereof).

---

[3] None of the evidence defendant seeks to judicially notice is properly the subject of judicial notice; however, defendants even admit that Exhibits B and C are not dispositive to the Motion to Dismiss. See Doc. No. 5, p.2. As such, plaintiff's objection focuses on defendant's attempt to judicially notice "Phantom Hitman."

3

The "not subject to reasonable dispute" requirement of Rule 201(b) is **not** limited to questions of authenticity, as defendant would urge. In *Jones v. City of Cincinnati*, the Sixth Circuit upheld the district court's decision not to judicially notice certain publicly available documents and a videotape of the incident in question, an arrest that resulted in the death of the arrestee. 521 F.3d 555, 562 (6th Cir. 2008). In *Jones*, as in the instant case, the defendant was seeking to judicially notice certain evidence to avoid having its Motion to Dismiss converted to a Motion for Summary Judgment. *Id.* at 561-562. Not taking judicial notice was proper where "the evidence captures only part of the incident and would provide a distorted view of the events at issue." *Id.* In this case, as in *Jones*, the defendant is attempting to use judicial notice as a vehicle to avoid plaintiff's presentation of additional evidence and argument.

B. **The "Sources" for "Phantom Hitman" are Unknown**

That the contents of the "Phantom Hitman" documentary are subject to dispute is alone reason enough for this Court not to take judicial notice. Further, the source of defendant's DVD is also unknown and unspecific making its contents incapable of "accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," as required by Rule 201(b). Even if the DVD was pulled from defendant's records, however, such a source would not be proper for judicial notice.

In support of the submission of a physical DVD of "Phantom Hitman," defendant filed a declaration from their counsel Robb S. Harvey. Doc. No. 11. Mr. Harvey states, in relevant part, "<u>Exhibit A</u> to Defendant's Request for Judicial Notice is a true and correct copy of the episode of the television documentary program *City Confidential* entitled 'Phantom Hitman' (the 'Program') in DVD format." Doc. No. 11, ¶ 2 (footnote omitted).

4

Defendant cites nothing to support its implicit argument that DVD it has submitted is an exhibit "whose accuracy cannot reasonably be questioned." Indeed, under the standard of *Burnett v. Twentieth Century Fox Film*, which defendant cites in support of its request, the Court *cannot* take judicial notice of "Phantom Hitman," since the Court may only consider documents not attached to the complaint where their "authenticity is unquestioned." 491 F. Supp. 2d 962, 966 (C.D. Cal. 2007) (quoting *Daly v. Viacom, Inc.*, 238 F.Supp.2d 1118, 1121-22 (N.D. Cal. 2002)). As described above, the authenticity of the version of "Phantom Hitman" defendant submitted to the court is explicitly in question, since that program is not publicly available and defendant provides no information about where the copy submitted came from or whether it is identical to the copy that aired.

Plaintiff has attempted to find a commercially available copy of "Phantom Hitman" but was unable to do so. Based on review of defendant's website, certain episodes of *City Confidential* are available for sale but "Phantom Hitman" is not. *See* Declaration of Richard S. Busch (Busch Decl.), Ex. A, printouts from defendant's website. Furthermore, Exhibits A and A-1 submitted by Defendants have an onscreen timer on the upper portion of the screen which is inconsistent with commercial video releases.[4]

Moreover, Mr. Harvey's declaration informs the Court of where he acquired Exhibits B and C, namely <musicnotes.com> and <amazon.com>, but says nothing about the origin of Exhibits A and A-1, nor that the version of "Phantom Hitman" submitted is identical to the version that was broadcast. Doc. No. 11, ¶¶ 4 and 5.

Without impugning the creditability of counsel in any way, plaintiff is entitled to take discovery into the history, creation and production of this exhibit from defendant itself and

---

[4] Plaintiff would ask the Court take judicial notice of this fact for the purposes of this motion. Plaintiff submits that it is generally known in the district that commercial DVDs do not have a timer on the screen during the program.

should not be forced to rely on the *ipse dixit* statements of counsel. Unlike Exhibits B and C, neither this Court nor plaintiff can verify the actions Mr. Harvey took to acquire this DVD or that the contents thereof accurately reflect the program broadcast to the public. Mr. Harvey has not told the court his source for this DVD, so it can hardly be said to be from an accurate source. Nor would this issue be remedied if defendant were to submit evidence that the DVD is from defendant's business records, since neither plaintiff nor the Court has any way to assess the accuracy of such records.

While defendant cites cases supporting taking judicial notice of "publicly available" information, *e.g.*, *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n.1 (information on a website); *In re UnumProvident Corp. Sec. Litig.*, 396 F. Supp. 2d 858 (E.D. Tenn. 2005) (press releases in newspapers or periodicals), defendants provide no support for their contention that a Court may take notice of an item generally unavailable that is produced from a party's records. Other cases defendant cites are irrelevant to the instant issue of *whether* the Court should take judicial notice of the exhibit defendant submitted, simply noting that certain items were considered by the courts in question and making absolutely no mention of judicial notice one way or another, *e.g.*, *Payne v. The Courier-Journal*, No. 3:04CV-488-R, 2005 WL 1287434 at *3 (W.D. Ky. May 31, 2005) (noting the allegedly infringing work and the infringed work were "in the record" but making no mention of judicial notice); *Phoenix Hill Enters., Inc. v. Dickerson*, No. 3:98CV-669(R), 1999 WL 33603127 (W.D. Ky. May 20, 1999) (same).

Still other cases defendant depends on appear to involve a court's decision *sua sponte* to take judicial notice of pieces of evidence discussed at length by parties in proceedings long *after* the motion to dismiss stage but, for whatever reason, never submitted into evidence. *ZZ Top v.*

6

*Chrysler Corp.*, 54 F. Supp. 2d 983, 986 (W.D. Wash 1999) (in considering motion for *summary judgment*, court took judicial notice of the *existence* of a song not at issue in the case but discussed in an expert report, where neither party submitted a recording of the song); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 965 F. Supp. 956 (M.D.N.C. 1997) (in ruling that proof of one class damages would not be allowed, Court *sua sponte* took judicial notice of television broadcast that was the basis of certain allegations of the complaint but never presented at trial).

Thus, defendant has provided absolutely no argument that the Court can take judicial notice of the content (not the mere existence) of a document central to the case, but publicly unavailable to the plaintiff, whose contents are in dispute, and that was produced with no indication of source or authenticity.

### III. CONCLUSION

Defendant requests this Court take judicial notice of three pieces of evidence. Under clear Sixth Circuit precedent, this evidence is subject to reasonable dispute and cannot be judicially noticed. Further, the source of the "Phantom Hitman" DVD is unknown, and, thus, is not from a known reliable source. Even if produced from defendant's business records, such source would not qualify. For the foregoing reasons, defendant's Request should be denied.

HOUSE OF BRYANT
PUBLICATIONS, L.L.C.

DATED: September 3, 2009      By: _____
Richard S. Busch (TN BPR #14594)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
615/259-3456 (tel)
615/248-2860 (fax)
*Attorneys for Plaintiff*

7

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed and served through the Court's system upon the following:

Robb S. Harvey (Tenn. BPR No. 011519)
Heather J. Hubbard (Tenn. BPR No. 023699)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380 (tel)
(615) 244-6804 (fax)

This 3rd day of September, 2009.

/s/ Richard S. Busch
Counsel for Plaintiff