# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HOUSE OF BRYANT PUBLICATIONS, L.L.C., | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) )  Civil Action No. 3:09-0502 )  Judge Trauger |
| A&E TELEVISION NETWORKS, | ) ) |
| **Defendant.** | ) ) ) |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE

Defendant A&E Television Networks ("AETN") respectfully submits this Reply Brief in further support of its Request for Judicial Notice. In its Request, AETN asked that the Court consider certain materials for two separate and independent reasons: first, that the materials were appropriate for the taking of judicial notice under Fed. R. Evid. 201; and second, that the materials were incorporated by reference in, or integral to, the Complaint.[1] Plaintiff ignored or overlooked the second reason these materials should be considered, and challenged only their submission as appropriate materials for judicial notice.

Plaintiff has offered two primary arguments that the Program is not a proper subject of judicial notice: first, claiming that its significance is in dispute, and, second, claiming that the accuracy of the specimen submitted is questionable. As Plaintiff does not contest that the Program submitted by AETN is substantively identical to the Program described in the

---

[1] These materials consist of a DVD copy of the episode entitled "Knoxville, TN: Phantom Hitman" of the television documentary series *City Confidential* (the "Program"), along with an excerpt therefrom; sheet music for the musical composition "Rocky Top;" and a sound recording performed by the Osmond Brothers embodying the musical composition "Rocky Top." For the reasons specified in its Request for Judicial Notice, AETN maintains that all materials are relevant and properly subject to judicial notice. However, because Plaintiff chose to focus its arguments on the Program alone, (*see* Plaintiff's Objections to Defendant's Request for Judicial Notice in Support of Its Motion to Dismiss (hereinafter "Obj.") at 3 n.4), this Reply also focuses on the Program.

1

Complaint (with the exception of the inclusion of time code), these arguments are purely semantic. By raising arguments where no controversy reasonably exists, Plaintiff aims to prevent the Court from viewing and exercising its own sound judgment as to the Program's contents. As explained more fully herein, Plaintiff's arguments fall flat.

## ARGUMENT

### A. The Program is a proper subject of judicial notice.

The parties do not dispute the standard to be applied by the Court. Fed. R. Evid. 201(b) provides: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

In a footnote, Plaintiff cursorily claims that the Program and other materials are reasonably disputed because they are not "generally known" to residents of this district. (Obj. at 2 n.2). This fleeting objection does not overcome the very allegations asserted in the Complaint -- that the Program was publicly disseminated/broadcast within this District, and that "Rocky Top" is one of Tennessee's official state songs, has been recorded by many popular artists, and is a fight song of the University of Tennessee-Knoxville. Thus, AETN turns to the crux of Plaintiff's argument: Plaintiff claims that the contents are subject to reasonable dispute and the source of the Program specimen is unknown.

Plaintiff argues that, because the contents of the Program form the basis for this contentious lawsuit, those contents are somehow "subject to reasonable dispute." This argument defies logic. The Program exists as a work apart from Plaintiff's – or Defendant's – characterizations thereof. It is disingenuous to contend that differences in the parties' descriptions of the Program establish any dispute over what its contents actually are, or their

significance to this lawsuit. It is for the Court to review the Program and decide the fair use Motion to Dismiss. The cases cited by Plaintiff to support its far-fetched proposition are so readily distinguishable that they only reinforce its tenuous nature. *See* United States v. Bonds, 12 F.3d 540, 551-53 (6th Cir. 1993) (declining to take judicial notice of a controversial report criticizing methods of DNA analysis in a criminal appeal); Sigler v. Amer. Motor Co., 532 F.3d 469 (6th Cir. 2008) (refusing to take judicial notice of a doctor's notations in a product liability plaintiff's medical records to prove her injuries); Deal v. Hamilton Co. Bd. Of Ed., 392 F.3d 840 (6th Cir. 2004) (refusing to take judicial notice of a report issued by opposing party's expert witness in an unrelated case, intended to be used for impeachment purposes); United States v. Collier, 68 Fed. Appx. 676 (6th Cir. 2003) (affirming refusal to take judicial notice in criminal fraud case of civil findings of fact relating to willfulness of defendant's actions). Plaintiff's reliance on Jones v. City of Cincinnati is similarly misplaced. 521 F.3d 555 (6th Cir. 2008) (affirming refusal to take judicial notice of documents and a videotape submitted by police officers on trial for using excessive force where "the evidence captures only part of the incident and would provide a distorted view of the events at issue").

In contrast, the Program is not a collateral document that makes any conclusions whatsoever, let alone disputed conclusions that a party intends to adopt in support of a specific argument. Here, AETN does not request judicial notice of any facts or theories presented in the documentary television program. Further, the Program does not capture "only part of the incident," it lies at the very heart of Plaintiff's claims and forms the factual basis of the entire lawsuit.

Next, Plaintiff insists that the Program is not a proper subject of judicial notice because the specimen's source is "unknown and unspecific." (Obj. at 4). In fact, the single disparity
3

3086749

Plaintiff identifies between the specimen and the Program described in the Complaint is the inclusion of time code. (Id. at 5 & n.4). Nonetheless, Plaintiff questions the Program's authenticity because Plaintiff says it "is not publicly available and [D]efendant provides no information about where the copy submitted comes from or whether it is identical to the copy that aired." Id.[2] Although this supposed "issue" lacks any basis, it is easily resolved so the Court can deal with the substance of the lawsuit. First, simultaneously submitted herewith is the Declaration of Records Custodian by Sean Ryan, AETN's Manager of Archive Services, attesting to the authenticity of the Program previously submitted to the Court. Second, AETN presumes that Plaintiff itself obtained a copy of the Program and reviewed it prior to filing this lawsuit. Should Plaintiff continue to wish to suggest that AETN's exhibit is not the Program, then it is fully within the Court's power to require that Plaintiff file its own copy of the Program since the Program is, after all, incorporated in its Complaint.

Plaintiff's attempts to distinguish cases cited by AETN are wholly unconvincing. Plaintiff argues that the cases City of Monroe Employees Ret. Sys. v. Bridgestone Corp. and In re UnumProvident Corp. Sec. Litig.[3] are inapplicable, as they relate to judicial notice of items that are "publicly available," as opposed to "generally unavailable [and] produced from a party's records." (Obj. at 6). Plaintiff, forgetting that its Complaint alleges that the Program "has been broadcast multiple times . . . including within the past year," cites no authority for its conclusion that an item must be accessible immediately, on demand, in order to qualify as "publicly available." *See* Food Lion, Inc. v. Capital Cities/ABC, Inc., 964 F. Supp. 956, 964 (M.D.N.C.

---

[2] Plaintiff's argument hinges upon its determination that the Program is not currently available in commercial form via home DVD release. (*See* Obj. at 5 & n.4). However, Plaintiff cites no case law to support its proposition that a document must be "commercially available" at the time it files a Response in order to be a subject of judicial notice. Id. Moreover, Plaintiff's argument overlooks its own contention that its claim exists as a result of a broadcast by AETN, not the distribution of home DVDs.

[3] 339 F.3d 651 (6th Cir. 2005); 396 F. Supp. 2d 858 (E.D. Tenn. 2005).

3086749

1997) (taking judicial notice of news program contents as "publicly disseminated," without any suggestion that the program was immediately available to the general public on demand); Compl. ¶ 20. Similarly, Plaintiff claims that ZZ Top v. Chrysler Corp. and Food Lion, Inc. v. Capital Cities/ABC, Inc.[4] have no impact on AETN's request because each (a) involved a court's *sua sponte* decision to take judicial notice, and (b) occurred other than on motion to dismiss. As the Rule 201 standard applies regardless of these differences, Plaintiff's distinction is groundless. Finally, Plaintiff claims that AETN's citation of Payne v. The Courier Journal and Phoenix Hills Enters., Inc. v. Dickerson[5] to support the notion that works such as the Program are frequently considered by courts on motions to dismiss copyright cases is "irrelevant" because the cases do not discuss judicial notice. Of course, as discussed below, judicial notice is not required to consider materials on a Rule 12 motion. These cases are both relevant and instructive, in that they dispose of Plaintiff's argument that consideration of the Program requires conversion of AETN's Motion to Dismiss to one for summary judgment. (*See* Obj. at 2).

**B.     Plaintiff does not deny that the Program is referred to, relied upon and central to the Complaint.**

In its Request, AETN additionally, and alternatively, asserted that the materials are admissible in connection with its Motion to Dismiss because they are referred to in, relied upon by, and integral to the Complaint. *See* Compl. ¶¶ 7-17, 19-21, 23-33, 39; *see also* Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997) ("[A] defendant may introduce certain pertinent documents if the plaintiff fails to do so. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied."). This approach has been adopted in the Sixth Circuit, and for good reason. Plaintiff makes no attempt to contradict the clear precedent cited by AETN that allows for such

---

[4] 54 F. Supp. 2d 983 (W.D. Wash. 1999); 194 F.3d 505 (4th Cir. 1999).
[5] 2005 WL 1287434 (W.D. Ky. May 31, 2005); 1999 WL 33603127 (W.D. Ky. May 20, 1999).

consideration, nor could it. Thus, even if the materials might possibly be inappropriate for judicial notice under Fed. R. Evid. 201, which AETN submits is not correct, it is nevertheless permissible for the Court to consider them in ruling on AETN's Motion to Dismiss.

## CONCLUSION

**WHEREFORE**, Defendant AETN respectfully requests that this Court consider the Exhibits filed by AETN in ruling upon its Motion to Dismiss.

Respectfully submitted,

/s/ Robb S. Harvey
Robb S. Harvey (Tenn. BPR No. 011519)
Heather J. Hubbard (Tenn. BPR No. 023699)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Phone: (615) 244-6380
Facsimile: (615) 244-6804
E-mails: robb.harvey@wallerlaw.com and
heather.hubbard@wallerlaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Request for Judicial Notice was filed with the Court and served via the Court's Electronic Case Filing system on this 22nd day of September, 2009, to the following counsel of record:

Richard S. Busch
King & Ballow
315 Union Street, Suite 1100
Nashville, TN 37201

/s/ Robb S. Harvey
Counsel for Defendant