IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOUSE OF BRYANT PUBLICATIONS, L.L.C., ) ) ) Plaintiff, ) ) v. ) ) A&E TELEVISION NETWORKS, ) ) Defendant. ) ) | Civil Action No. 3:09-0502 Judge Trauger |

## ANSWER

Defendant, A&E Television Networks, LLC ("AETN"), by and through the undersigned counsel, responds to the averments contained in the Complaint filed by the Plaintiff, House of Bryant Publications, L.L.C. (hereinafter "Plaintiff" or "House of Bryant"). In response to the numbered paragraphs of the Complaint, AETN answers as follows:

1. AETN admits on information and belief that Plaintiff is a limited liability company formed in Tennessee. AETN is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 1 of the Complaint, and demands strict proof thereof.

2. AETN admits that it is a partnership with interests held by three entities: Hearst Communications, Inc.; Disney/ABC International Television, Inc.; and NBC-A&E Holding, Inc. Any averments inconsistent with the foregoing are denied.

3. AETN does not does not challenge subject matter jurisdiction of this Court over the actions and claims raised in Plaintiff's Complaint.

1

Dockets.Justia.com

4. AETN denies that it has purposefully availed itself of the jurisdiction of this Court by transacting business in this District and State with respect to the song and television program at issue in the Complaint. However, AETN does not challenge personal jurisdiction over the actions and claims in this Court against AETN.

5. AETN does not does not challenge venue over the actions and claims in this Court against AETN.

6. AETN acknowledges that Plaintiff purports to bring this copyright infringement action for damages and injunctive relief, but denies that it is liable to Plaintiff.

7. Upon information and belief, AETN admits the factual statements averred in Paragraph 7, but denies that Paragraph 7 contains a complete and exhaustive background or description of the history of "Rocky Top."

8. AETN is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint, and demands strict proof thereof.

9. AETN is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the Complaint, and demands strict proof thereof.

10. AETN is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Complaint, and demands strict proof thereof.

11. AETN admits that it entered into a contractual relationship with Jupiter Entertainment, Inc. ("Jupiter") to produce episodes of the documentary television series *City Confidential*, each episode of which documents particular cities across the United States and true events which occurred in those cities, and that one such documentary episode produced by Jupiter concerned Knoxville and came to be titled "Phantom Hitman" ("the Program"). Among

the topics in the Program was a 1994 attempted contract killing in Knoxville, Tennessee. Any averments in Paragraph 11 of the Complaint inconsistent with the foregoing are denied.

12. Upon information and belief, AETN admits that some filming, editing and production of the Program took place in and around Knoxville, Tennessee, which is not in this judicial district. Any averments in Paragraph 12 of the Complaint inconsistent with the foregoing are denied.

13. The averments of Paragraph 13 of the Complaint are denied except as consistent with the following: The Program has been filed with the Court and speaks for itself. The Program in its entirety lasts approximately forty-eight minutes, with a University of Tennessee-Knoxville stadium scene appearing approximately three minutes and forty seconds into the episode. AETN admits that during a brief sequence, and as part of the actual noise occurring within the stadium, the University of Tennessee Marching Band can be heard playing an instrumental version of the musical composition "Rocky Top" for a total of approximately twelve seconds, six seconds of which there is narration. Any averments in Paragraph 13 of the Complaint inconsistent with the foregoing are denied.

14. AETN is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 14 of the Complaint, and demands strict proof thereof.

15. AETN avers that no synchronization license or other copyright license was required for the composition "Rocky Top" in connection with the *City Confidential* series Program regarding Knoxville, Tennessee which is the subject of this lawsuit. Any averments in Paragraph 15 of the Complaint inconsistent with the foregoing are denied.

16. AETN avers that no synchronization license or other copyright license was required for the composition "Rocky Top" in connection with the *City Confidential* series

Program regarding Knoxville, Tennessee which is the subject of this lawsuit. Any averments in Paragraph 16 of the Complaint inconsistent with the foregoing are denied.

17. AETN denies that it has sought a synchronization license from Plaintiff in the past for "Rocky Top" and been denied. AETN is without knowledge or information sufficient to form a belief as to the truth of the averments related to Jupiter contained in Paragraph 8 of the Complaint, and demands strict proof thereof. Any averments in Paragraph 17 of the Complaint inconsistent with the foregoing are denied.

18. AETN believes and therefore admits that it obtains copyright licenses for broadcast of content owned by third parties on television when and if required. AETN denies that it committed any willful infringement of the copyright in the composition "Rocky Top." Any averments in Paragraph 18 of the Complaint inconsistent with the foregoing are denied.

19. AETN admits that the Program was first aired on or about December 11, 2004 on A&E Network and was rebroadcast several times, with the last airing in 2007. AETN admits that in and after August 2007, the Program was subsequently rebroadcast by AETN. Any averments in Paragraph 19 of the Complaint inconsistent with the foregoing are denied.

20. AETN admits that the Program was first aired on December 11, 2004 on A&E Network and was rebroadcast several times, with the last airing in 2007. AETN admits that in and after August 2007, the Program was subsequently rebroadcast by AETN. Any averments in Paragraph 20 of the Complaint inconsistent with the foregoing are denied.

21. Most, if not all, of the averments in Paragraph 21 of the Complaint state legal conclusions to which no answer is required. AETN avers that no synchronization license or other copyright license was required for the composition "Rocky Top" in connection with the

*City Confidential* series Program regarding Knoxville, Tennessee which is the subject of this lawsuit. AETN therefore denies the averments in Paragraph 21.

22. AETN incorporates by reference all of the foregoing paragraphs of this Answer as if fully set forth herein.

23. AETN is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 23 of the Complaint, but notes that Plaintiff's ownership claim is in apparent contradiction of the averments in Paragraph 8 of the Complaint, and demands strict proof thereof.

24. AETN avers that no synchronization license or other copyright license was required for the composition "Rocky Top" in connection with the *City Confidential* series Program regarding Knoxville, Tennessee which is the subject of this lawsuit. Any averments in Paragraph 24 of the Complaint inconsistent with the foregoing are denied.

25. AETN denies the averments in Paragraph 25 of the Complaint

26. AETN denies the averments in Paragraph 26 of the Complaint.

27. AETN denies the averments in Paragraph 27 of the Complaint.

28. AETN denies the averments in Paragraph 28 of the Complaint.

29. AETN denies the averments in Paragraph 29 of the Complaint.

30. AETN acknowledges that musical works are creative. Any averments in Paragraph 30 of the Complaint inconsistent with the foregoing are denied.

31. AETN denies the averments in Paragraph 31 of the Complaint.

32. AETN denies the averments in Paragraph 32 of the Complaint. Upon information and belief, the owners of the composition "Rocky Top" have not demanded licenses from each and every person that has ever made use of that composition, fair or otherwise.

33. AETN denies the averments in Paragraph 33 of the Complaint. In response to the letters referred to in Paragraph 33 of the Complaint, AETN explained its belief that a license was not necessary because the use made in the Program was a "fair use" under Section 107 of the Copyright Act.

34. AETN denies the averments in Paragraph 34 of the Complaint.

35. AETN denies that it is liable to Plaintiff on any claim.

36. AETN incorporates by reference all of the foregoing paragraphs of this Answer as if fully set forth herein.

37. AETN denies that it is liable to Plaintiff on any claim.

38. The averments of Paragraph 38 of the Complaint are denied.

39. The averments of Paragraph 39 of the Complaint are denied.

40. AETN incorporates by reference all of the foregoing paragraphs of this Answer as if fully set forth herein.

41. AETN acknowledges that Plaintiff purports to request an accounting, but denies any liability to Plaintiff.

42. Paragraph 42 of the Complaint contains no averments and requires no response.

43. All averments not admitted or specifically responded to are denied. AETN denies that Plaintiff is entitled to any relief as claimed in the Complaint.

## ADDITIONAL DEFENSES

1. AETN incorporates the arguments set forth in its Motion to Dismiss and its Memorandum of Law in support thereof.

2. The Complaint fails to state a claim upon which relief may be granted.

3. If and to the extent that Plaintiff failed to comply with registration and/or other statutory requirements necessary to maintain copyright interests in the musical composition "Rocky Top" and/or requirements for the recovery of statutory damages, then such claims should be dismissed.

4. Upon information and belief and as expressly stated in Paragraph 8 of the Complaint, Plaintiff is not the owner of the copyright in the musical composition "Rocky Top" and, therefore, must establish that it has standing to bring this lawsuit. Plaintiff purports to be the entity charged with exclusive administration of licensing for the musical composition "Rocky Top," but has failed to demonstrate or exhibit proof of copyright registration or renewal, any agreement with the copyright owners, or proof that it has the right to sue for copyright infringement on behalf of the copyright owners. Since a mere exclusive licensing agent, without more, lacks standing to bring an action for copyright infringement, Plaintiff is required to establish its standing.

5. Plaintiff's claims are barred by the doctrine of fair use.

6. Plaintiff's claims are barred in whole or in part because the usage of the musical composition "Rocky Top" was *de minimis*.

7. In the event any award to Plaintiff is made, which is denied, AETN objects to any award of prejudgment interest under the Copyright Act.

8. To the extent Plaintiff is found to be entitled to statutory damages, which is denied, AETN has acted in good faith and innocently, and without any intention to infringe any purported rights of Plaintiff.

9. No basis exists for injunctive relief in this action.

10. Plaintiff's accounting claim is preempted by the Copyright Act.

11. Plaintiff filed this lawsuit on June 3, 2009. Any claims for copyright infringement or damages arising therefrom prior to June 3, 2006 are barred by the applicable statutes of limitations.

12. In light of the fact that the Program was first broadcast in 2004, AETN preserves any and all rights and defenses under the doctrine of laches.

13. To the extent that any harm to Plaintiff occurred, which is denied, then AETN insists on strict proof of causation, and denies that Plaintiff is entitled to any recovery based on purported "profits" of AETN.

14. With discovery having yet commenced, AETN reserves the right to assert additional defenses. AETN further reserves the right to assert any and all additional claims, to amend this Answer, and to file further pleadings.

**WHEREFORE**, Defendant, A&E Television Networks, LLC, respectfully requests that this action be dismissed with prejudice. AETN further requests that all costs in this action and all expenses incurred by it, including attorney's fees if and to the fullest extent permitted under applicable law and court rule, be assessed against Plaintiff, and that all court costs be assessed against Plaintiff. AETN further requests that it be granted such other relief as the Court deems just and proper.

/
/
/
/
/
/

Respectfully submitted,

/s/ Robb S. Harvey
Robb S. Harvey (Tenn. BPR No. 011519)
Heather J. Hubbard (Tenn. BPR No. 023699)
W<small>ALLER</small> L<small>ANSDEN</small> D<small>ORTCH</small> & D<small>AVIS</small>, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Phone: (615) 244-6380
Facsimile: (615) 244-6804
E-mails: robb.harvey@wallerlaw.com and
heather.hubbard@wallerlaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer was electronically filed with the Court and served via the Court's Electronic Case Filing system on this 16th day of November, 2009, to the following counsel of record:

Richard S. Busch
King & Ballow
315 Union Street, Suite 1100
Nashville, TN 37201

/s/ Robb S. Harvey
*Counsel for Defendant*