UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| House of Bryant Publications, L.L.C., | ) <br> ) <br> ) |
| Plaintiff, | ) Case No. 3:09-0502 <br> ) |
| v. | ) Judge Trauger <br> ) Magistrate Judge Knowles |
| A&E Television Networks, | ) <br> ) JURY DEMAND |
| Defendant. | ) <br> ) |

### [PROPOSED] INITIAL CASE MANAGEMENT ORDER

I.  **Jurisdiction**. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338(a) and § 1367. While AETN denies that it has purposefully availed itself of the jurisdiction of this Court by transacting business in this District and State with respect to the song and television program at issue in the Complaint, it does not challenge personal jurisdiction over the actions and claims in this Court against AETN, or that the case arises under the Copyright Act.

II. **Brief Theories of the Parties**

　A. Plaintiff

　Plaintiff is the exclusive administrator of a musical composition entitled "Rocky Top." Defendant has used "Rocky Top" in an audiovisual work without license from plaintiff. This use is copyright infringement, and neither "fair use" nor any other defense absolves defendant of liability. Furthermore, plaintiff will show this use was willful infringement.

　B. Defendant

　AETN owns the rights in the true-life documentary television series *City Confidential,* each episode of which documents particular cities across the United

States and mysteries based upon true events which occurred in those cities. One such documentary episode focused on the city of Knoxville, Tennessee and came to be titled "Phantom Hitman" ("the Program"). Among the topics in the Program was a 1994 attempted contract killing in Knoxville, Tennessee. The Program has been filed with the Court. The Program in its entirety lasts approximately forty-eight minutes, with a University of Tennessee-Knoxville stadium scene appearing approximately three minutes and forty seconds into the episode. AETN admits that during a brief sequence, and as part of the actual noise occurring within the stadium, the University of Tennessee Marching Band can be heard playing an instrumental version of the musical composition "Rocky Top" for a total of approximately twelve seconds, six seconds of which there is narration. AETN denies that a synchronization license or other copyright license was required for the composition "Rocky Top" in connection with the Program on the basis that the use made in the Program was a "fair use" under Section 107 of the Copyright Act. AETN denies that it has infringed the copyright in the musical composition entitled "Rocky Top," denies any willful infringement occurred, and further denies that Plaintiff is entitled to any damages or other relief.

III. **Issues Resolved**: Jurisdiction and venue. The Court denied AETN's motion to dismiss on "fair use" grounds, but has in no way rejected "fair use" as a defense to Plaintiff's claims.

IV. **Issues Still in Dispute**: Liability, damages, fair use, standing.

V. **Initial Disclosures:** Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 30 days after the initial case management conference.

VI. **Discovery:**

Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

    A.    <u>Plaintiff</u>

The parties shall complete all written discovery and depose all fact witnesses on or before <u>August 13, 2010</u>. Plaintiff opposes bifurcation of discovery and requests the opportunity to file a formal opposition if the Court is inclined to grant defendant's request.

    B.    <u>Defendant</u>

AETN proposes that the parties shall complete all written discovery and depose all fact witnesses *on issues of liability* on or before <u>June 11, 2010</u>. AETN further submits that all written discovery, with the exception of requests for admission, should be submitted in sufficient time so that responses thereto shall be served and received on or before thirty (30) days prior to such discovery cutoff.

Local Rule 16.01(d)(1) encourages the discussion of the "desirability of limiting discovery to certain claims" at the initial case management conference. AETN requests that the Court consider a limited bifurcation of discovery; that is, allow discovery to proceed *except on* the limited issue of the parties' financial information and documents, at least until after the Court has had the opportunity to consider the issue of fair use and other liability issues on summary judgment. AETN submits that limited bifurcated discovery will promote the purposes of the fair use doctrine and the First Amendment, by requiring Plaintiff to make a certain

level of showing as to liability before damages discovery into highly confidential financial information is merited.

VII. **Motions to Amend:**

    A. <u>Plaintiff</u>

    The parties shall file all Motions to Amend on or before <u>May 14, 2010</u>.

    B. <u>Defendant</u>

    AETN proposes that any motion to amend or to join additional parties should be filed sixty (60) days prior to the fact discovery cutoff.

VIII. **Disclosure of Experts.**

    A. <u>Plaintiff</u>

    Plaintiff shall identify and disclose all expert witnesses and expert reports on or before <u>July 23, 2010</u>. The defendant shall identify and disclose all expert witnesses and reporters on or before <u>August 13, 2010</u>. Rebuttal reports will be submitted on or before <u>September 17, 2009</u>.

    B. <u>Defendant</u>

    AETN submits that that disclosure by Plaintiff of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made on or before the fact discovery cutoff. Defendant may take the deposition of such expert(s) on or before thirty (30) days after the fact discovery cutoff. Disclosure by Defendant of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made on or before sixty (60) days after the fact discovery cutoff. Plaintiff may take the deposition of such expert(s) on or before ninety (90) days after the fact discovery cutoff.

IX. **Depositions of Expert Witnesses:**

   A. <u>Plaintiff</u>

   The parties shall depose all expert witnesses on or before <u>October 1, 2010</u>.

   B. <u>Defendant</u>

   AETN submits that the expert schedule in the immediate preceding section should be adopted.

X. **Joint Mediation Report:**

   A. <u>Plaintiff</u>

   The parties shall submit a joint mediation report on or before <u>October 8, 2010</u>.

   B. <u>Defendant</u>

   AETN submits that their proposed date will depend upon the damages discovery deadline, which AETN proposes should not be set until later.

XI. **Dispositive Motions:**

No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

   A. <u>Plaintiff</u>

   The parties shall file all dispositive motions on or before <u>October 22, 2010</u>. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after the service of the response. Briefs shall not exceed <u>20 pages</u>.

   B. <u>Defendant</u>

AETN proposes that the parties shall file dispositive motions on issues of liability, including fair use, thirty (30) days after the close of fact and/or expert discovery on such issues. AETN requests that a status conference be scheduled at least ten (10) days prior to the fact discovery cutoff to determine whether experts will be needed in support of summary judgment in order to set a dispositive motion deadline. To reflect the upcoming Rule changes, AETN submits that the responses to dispositive motions shall be filed within twenty-one (21) days after service and reply briefs, which shall be allowed, must be filed within fourteen (14) days after the service of the response. Any dispositive motion will be permitted of up to 30 pages, with all other briefs limited to 20 pages, absent Court permission for a longer brief.

XII. **Electronic Discovery:** The parties intend to reach agreement on how to conduct electronic discovery, but there have been no discussions. The parties do not intend that the default standard contained in Administrative Order No. 174 should apply to this case.

XIII. **Estimated Trial Time:**

The parties expect the trial to last approximately 4 days.

It is so ORDERED.

_____
Aleta A. Trauger
U.S. District Judge

APPROVED FOR ENTRY:

/s/ Richard S. Busch
Richard S. Busch (TN BPR No. 014594)
Thomas J. Motzny (TN BPR 027737)
KING & BALLOW
311 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456 (tel)
(615) 248-2860 (fax)
*Attorneys for Plaintiff*

/s/ Robb S. Harvey
Robb S. Harvey (Tenn. BPR No. 011519)
Heather J. Hubbard (Tenn. BPR No. 023699)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380 (tel)
(615) 244-6804 (fax)
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document was electronically filed and served through the Court's system upon the following:

Robb S. Harvey (Tenn. BPR No. 011519)
Heather J. Hubbard (Tenn. BPR No. 023699)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380 (tel)
(615) 244-6804 (fax)

This 23rd day of November, 2009

                                                /s/Thomas J. Motzny
                                                Counsel for Plaintiff